IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

               Plaintiff,                    ORDER

        v.                                02-cr-26-bbc-1

WILLIAM M. WADE,

               Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of William Wade's supervised release was held on July 17, 2013, before U. S. District Judge Barbara B. Crabb. The government appeared by Assistant U. S. Attorney Robert Anderson. Defendant was present in person and by Associate Federal Defender Kelly Welsh. Also present was Senior U. S. Probation Officer Helen Healy Raatz.

From the record and the parties' stipulation, I make the following findings of fact.

FACTS

Defendant was sentenced in the Western District of Wisconsin on October 2, 2002, following his conviction for distribution of more than five grams of cocaine base, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1). This offense is a Class B felony. Defendant was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 120 months, with a five-year term of supervised release to follow. On

December 6, 2002, defendant's sentence was amended to 92 months' imprisonment followed by a five-year term of supervised release. On February 25, 2008, defendant's sentence was reduced to time served.

Defendant began his term of supervised release in the Central District of California. He returned to Wisconsin and supervision commenced in the Western District of Wisconsin on May 30, 2008. After a series of violations, including positive drug tests, defendant's term of supervised release was revoked on May 14, 2009, and he was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of three months, with a 57-month term of supervised release to follow.

Defendant began his second term of supervised release on August 10, 2009.

Defendant violated Special Condition No. 5, requiring him to participate in substance abuse treatment and testing, when he failed to report for a counseling session on May 15, 2013 and for drug testing on January 13, February 3, March 17, April 2, May 1 and May 15, 2013.

Defendant's conduct falls into the category of Grade C violations. Section 7B1.3(a)(2) of the advisory guidelines provides that the court may revoke supervised release, extend the term of supervised release or modify the conditions of supervision upon a finding of a Grade C violation.

## CONCLUSIONS

Defendant's supervised release could be revoked because of his failure to submit to timely drug tests. However, after reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines and considering defendant's statement and the probation office's willingness to continue to work with defendant, I will continue supervision with the understanding that no further violations of supervised release will be tolerated. Defendant must attend all counseling sessions and submit to drug tests on each day on which he is told to report.

## ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on May 14, 2009, is CONTINUED. Defendant is to comply with substance abuse treatment and testing. If there are no further violations of supervision, defendant's supervised release term will expire early, on December 10, 2013.

Entered this 31st day of July 2013.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
U.S. District Judge